UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**LEODEGARIO CORTES PINON**
an individual,
Plaintiff,

Hon.
Case No.

v.

**LITTLE SAIGON PLAZA LLC.**
a Domestic Limited Liability Company,
**d/b/a SAIGON MARKET**
**LU QUACH**
an individual, jointly and severally
Defendants

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC** <br> Robert Anthony Alvarez (P66954) <br> Victor M. Jimenez Jr. (P85194) <br> Attorneys for Plaintiff <br> 600 28th St. SW <br> Wyoming, MI 49509 <br> (616) 257-6807 <br> ralvarez@avantilaw.com <br> vjimenez@avantilaw.com | |

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, by and through his attorneys at the Avanti Law Group, PLLC, and in her Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*. and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*., as well for a tolling of the statute of limitations beyond the three years permitted under the FLSA.

1

2. During the relevant time period, Defendants failed to pay Plaintiff the minimum wage for all hours worked.

3. During the relevant time period, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

4. Plaintiff seeks a declaration that his rights were violated, an award of unpaid minimum and overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

5. Plaintiff also seeks a tolling of the statute of limitations beyond the three years permitted under the FLSA under principles of equity.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

8. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

9. Employees of Defendant Little Saigon Plaza LLC (d/b/a Saigon Market) were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

10. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

11. Defendant LSP annual gross volume of sales made or business done is not less than $500,000.

12. Defendant LSP would order items, supplies from a company in Chicago that would be used in his daily workday.

13. Defendant LSP employs more than two persons.

14. Defendant LSP is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Kentwood, Michigan within the United States Judicial District of the Western District of Michigan.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

16. Plaintiff Leodegario Cortes Pinon is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan.

17. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

18. Defendant Little Saigon Plaza, LLC (hereinafter referred to as "LSP") is a domestic limited liability company whose registered office is located at  2976 Union Ct. Se Kentwood, Michigan 49548.

19. Defendant LSP is an International Grocery Store.

20. Defendant Lu Quch at all relevant times to this complaint set Plaintiff's schedule, directed Plaintiff's activities at work, set Plaintiff's rate of compensation, and was responsible for compensating Plaintiff.

21. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

22. Plaintiff has worked for Defendants from the beginning of 2016 through June 2024.

23. When Plaintiff was originally hired and was informed that he was going to only be responsible for the stocking of the product the store received. As time progressed he was given more duties and responsibilities.

24. Plaintiff's responsibilities include but are not limited to: stocking the store, unloading and loading the produce, stacking and storing the produce, cleaning the party hall and showing the party hall to potential customers,

25. Plaintiff worked 6 days a week Wednesday through Monday averaging about 47 hours a week from 2016-2024.

26. Plaintiff was not informed whether he was being compensated on an hourly or salary basis.

27. Plaintiff's co-worker Guillermo Lopez Cruz filed a Wage theft and Retaliation Complaint against Defendants.

28. Since the filing of those Complaints by Mr. Guillermo Lopez Cruz, Defendants reduced Plaintiff's hours from 47 to 43.

29. Defendant Quach specifically told Plaintiff that the reduction of his work hours was in direct response to Mr. Lopez Cruz' filing of the complaints.

30. Plaintiff was compensated by check at the beginning of his employment. He then began receiving his compensation alternating with one week being paid in check and the following in cash. Towards the end of his employment, Plaintiff began receiving his compensation entirely in cash.

31. Plaintiff was compensated on a weekly salary basis since his first week of employment.

32. After the filing of the complaint against Defendants, Defendant Quach has attempted to convince Plaintiff that he was being paid on an hourly basis despite Plaintiff never having been made aware of this during his employment.

33. Furthermore, if Plaintiff's pay had been based on an hourly rate, then Defendants' actions in reducing his hours on his work schedule directly impacts Plaintiff's compensation.

34. Plaintiff never received any pay stubs that document Plaintiff being paid on an hourly basis nor what his hourly rate was during his years of employment with Defendants even after receiving increases in his salary.

35. Plaintiff was treated like an independent contractor and was at times provided an IRS Form 1099 at the end of the year for tax purposes.

36. Recently, Plaintiff's weekly compensation was reduced by Defendants by a percentage amount claiming that this was necessary for tax purposes.

37. This reduced Plaintiff's weekly salary by nearly 24%.

38. Plaintiff inquired as to the reduction of his pay and Defendant Quach explained that he made the deduction in direct response to Mr. Lopez Cruz' complaint.

39. If not for Mr. Lopez Cruz' complaints against Defendants, they would not have made any deductions from Plaintiff's pay nor reduced his hours.

40. Defendants' reduction in Plaintiff's work schedule and the reduction of his pay by 25% was done in direct response to the filing of FLSA claims against Defendants by Mr. Lopez Cruz.

41. After Plaintiff questioned Defendant Quach about the significant reduction in his pay, Defendant terminated Plaintiff from his employment with Defendants.

42. During his employment, Plaintiff was not compensated at a rate no less than one and one half his regular hourly rate for hours worked over forty (40) in a workweek.

43. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

44. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

45. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

46. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## WILLFUL VIOLATIONS OF THE FLSA & TOLLING OF THE STATUTE OF LIMITATIONS

47. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

48. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per week, when

Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

49. Defendants are a sophisticated business and an individual with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

50. Defendants actively misled Plaintiff into believing that he was not entitled to an overtime premium throughout his entire employment.

51. Defendant Quach stated to Plaintiff on more than one occasion that he was not entitled to an overtime premium.

52. Defendants also failed to post the minimum and overtime wage notices required under Michigan state and U.S. Department of Labor regulations.

53. Plaintiff did not have actual or constructive knowledge of his right or entitlement to an overtime premium.

54. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq.,**
**FAILURE TO PAY STATUTORY MINIMUM WAGE**

55. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

56. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

57. At all relevant times to this action, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

58. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

59. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

60. Defendants failed to compensate Plaintiff the mandated minimum wage for all hours worked.

61. As a result of the violation, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

62. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

63. At all relevant times, Defendant has been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

64. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

65. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

66. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

67. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek,

Defendants violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

68. Plaintiff was not paid at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

69. Defendants' violations of the FLSA were knowing and willful.

70. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to his unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

71. As a result of Defendants' violation, Plaintiff is entitled to his unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT III**
**VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. § 408.411 et seq. FAILURE TO PAY MINIMUM WAGE**

72. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

73. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, *et seq.*

74. At all relevant times, Defendant has been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq.*

75. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq.*

76. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.931

9

77. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq*.

78. As a result of Defendants' violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

### COUNT IV
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §215(a)(3)
### DEFENDANTS' UNLAWFUL RETALIATION

79. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

80. Defendants reduced Plaintiff's work schedule from 47 hours to 43 hours and took said action in retaliation for the filing of a wage theft action by a co-worker of Plaintiff.

81. Defendants reduced Plaintiff's weekly salary by nearly 25% in direct retaliation for the filing of a wage theft action by a co-worker of Plaintiff.

82. Defendants terminated Plaintiff after he questioned Defendants' reduction of his compensation.

83. Defendants' interference with Plaintiff's employment and his compensation constitutes an adverse employment action and unlawful retaliation under the FLSA, 29 U.S.C. §215(a)(3).

84. Plaintiff has suffered and continues to suffer economic loss as well as emotional pain and suffering from Defendants' actions.

85. Plaintiff is entitled to back pay, lost wages, liquidated damages, compensatory damages, and punitive damages as well as attorney fees and costs.

86. Defendants knowingly, willfully, maliciously, intentionally, and without justification acted to deprive Plaintiff of his rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C. Defendants be ordered to pay Plaintiff all damages to which he is entitled to under the FLSA for their unlawful retaliation;

D. Defendants be ordered to pay Plaintiff his unpaid wages together with an equal amount in liquidated damages;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

F. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA; and

G. The Court grants such other and further relief as the Court may deem just or equitable.

Respectfully Submitted,

*/s/ Robert Anthony Alvarez* .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

11

## **REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, by and through his attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/   Robert Anthony Alvarez            .*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 28/06/2024

/s/ Leodegario Cortes Piñon
Leodegario Cortes Piñon